LYTLE, Admr. v. UNION GAS & ELEC. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2844. Decided July 6, 1926

54. AGENCY—Where servant combines both his own and his master's business while driving automobile, in order to render: the master liable for his negligence, the servant must, at the time of the negligence complained of, be in the service of the master, attending to his master's business and acting within the scope of his authority.

BUCHWALTER, P. J.

This action was brought in the Hamilton Common Pleas by Lawrence Lytle, administrator of the estate of Albert Thorne, for damages for wrongful death as the result of a collision between an automobile of the Union Gas & Electric Co. driven by one Doran, and a wagon of the City Ice and Fuel Co. The Ice Co. was dismissed from the case and the jury returned a verdict in favor of the Gas Co. upon which judgment was entered.

Error was prosecuted and it was claimed that the court erred in refusing to give the plaintiff's written charge to the jury before argument. The requested charge was substantially that if Doran was found to have been combining his business and that of the Gas Co. at the time of the collision, then the Gas Co. is liable to the plaintiff provided that Doran's negligence directly caused the collision. The Court of Appeals held:

1. As this charge was the only special charge offered on the subject, if correct and applicable to the facts, it should have been given and failure to give same would be error.

2. If a written request before argument correctly states the law and the subject has not been covered by other charges given before argument, it is error to refuse to give such charges even though not in the same language the court would have selected. 101 OS. 282.

3. The charge requested by the plaintiff is too broad and would have been misleading to the jury.

4. In order to render a master liable for the negligence of a servant who may be combining his own business with that of his master on the same trip, such servant must be in the service of the master, attending to his master's business and acting within the scope of his authority at the time the negligent act complained of occurred.

5. To have given the requested charge without further explanation or modification would have been misleading and improper, and the court did not err to the prejudice of plaintiff by refusing the charge.

Judgment therefore affirmed.

(Hamilton & Cushing, JJ., concur.)

Attorneys—DeCamp, Sutphin & Brumleve for Lytle; Harmon, Colston, Goldsmith & Hoadly for Company; all of Cincinnati.