Elena T. DiPAOLA, Executrix of the Estate of Peter DiPaola, Deceased, Plaintiff-Appellant,

v.

PENN CENTRAL TRANSPORTATION COMPANY f/k/a Pennsylvania Railroad Company, Defendant-Appellee.

No. 20489.

United States Court of Appeals, Sixth Circuit.

May 17, 1971.

Wilbur Jacobs, Toledo, Ohio, for plaintiff-appellant; Wilbur C. Jacobs, Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, on brief.

John R. Eastman, Toledo, Ohio, for defendant-appellee; John R. Eastman, Richard E. Antonini, Eastman, Stichter, Smith & Bergman, Toledo, Ohio, on brief.

Before CELEBREZZE and PECK, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Plaintiff, the widow of a deceased employee of the defendant Pennsylvania Railroad Co. brought this action in the District Court alleging that the decedent was killed while acting in the course and scope of his employment within the meaning of the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. At the

close of the plaintiff's evidence the District Judge took the case from the jury and granted a directed verdict for the railroad; the widow, Mrs. Elena T. DiPaola, has appealed; Ohio law controls.

The decedent, Peter DiPaola, was riding in an automobile furnished him by the railroad at the time of his death. James Jones, a fellow employee of DiPaola, was driving the car and while they were proceeding within a few blocks of DiPaola's house in Toledo, Ohio, the car crossed the center line of a road and hit a telephone pole, killing DiPaola instantly.

The accident occurred on July 4, 1967, and the evidence introduced by the plaintiff in the trial court establishes that the occasion for the automobile trip was purely social. Earlier in the day, the two men and their families had gathered at the DiPaolas' house for the holiday. In the late afternoon, the families had dinner and then the two men announced that they were going out for cigarettes. While they were away they drove to the house of another employee of the railroad, Peter Phalor, who was DiPaola's subordinate, and upon their arrival told the Phalors that they had come to see whether Mr. Phalor would "pour a holiday drink." The Phalors at the time were still having dinner and after they finished, DiPaola and Jones visited with them for a couple of hours. A short time after the two men departed from the Phalors' house, they were involved in the accident.

On this appeal, appellant, Elena T. DiPaola, contends that the District Court erred in holding that decedent was not acting in the course and scope of his employment at the time of his death. We cannot agree. While it is true that in Ohio a reasonable inference of agency arises from the fact that the employer's automobile was being driven at the time of the accident in which the employee was killed, such inference is overcome by positive and uncontradicted evidence that the automobile was being used for the employee's personal business or pleasure rather than in the furtherance of the employer's business. Senn v. Lackner, 157 Ohio St. 206, 105 N.E.2d 49 (1952). Upon a careful examination of the record in the present case, we can find no evidence of any railroad business being conducted by the decedent on the trip in question. Plaintiff's own evidence established conclusively at trial that decedent was engaged in nothing more than a social venture at the time of his death.

Appellant argues that any time decedent was using the company car he was acting in the course and scope of his employment as a matter of law. The car was furnished to him so that he could travel to various work locations between Toledo, Ohio, and Detroit, Michigan, to supervise the repair and maintenance of tracks and crossings for both planned work and emergencies while performing his duties as a track supervisor in the Department of Maintenance of Way. He was also permitted to use it for his personal needs. He garaged the vehicle at his home and owned two other cars which Mrs. DiPaola and a son used frequently. He kept some work clothing and equipment in the car and some of the company vehicles were equipped with portable radios for emergencies, though it is not clear whether decedent's car was so equipped on the day of the accident.

Essentially, then, appellant asserts that because of the above facts, the decedent arrived at work whenever he entered the company automobile. We can, however, find no Ohio cases which have held that an employee is within the scope of his employment while using a company furnished automobile under the circumstances of the present case. As previously stated, Ohio law requires the plaintiff to introduce evidence to show that the purpose of the employee's trip was in furtherance of the employer's business in order to prove that the employee was acting in the scope of his em-

ployment. Senn v. Lackner, *supra*, 157 Ohio St. 206, 105 N.E.2d 49; Travelers Fire Ins. Co. v. Louis G. Freeman, 104 Ohio App. 226, 145 N.E.2d 217 (1957); Lytle v. Union Gas & Elec. Co., 24 Ohio App. 314, 157 N.E. 804 (1926). That decedent could have been called out on emergencies at some time during the holiday in question is not controlling. He had an office and was expected to follow a regular work week. He lived at home and went home after work at night. There was no evidence of any emergency of the railroad and appellant had no work crews busy during the holiday. Clearly, under the facts herein, reasonable minds could only conclude that the decedent was not within the course and scope of his employment at the time of his death and therefore no jury question existed.

Affirmed.

